IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE J. HANCOCK, JOHN LISNER, WILLIAM LOGAN, MICHAEL RICHARDSON, STEVE VOGRIN, and THOMAS J. YONKER as TRUSTEES of the LOCAL No. 731, I. B. of T., PRIVATE SCAVENGERS and GARAGE ATTENDANTS PENSION TRUST FUND, | ) ) ) ) ) ) ) ) | Case No. 10-cv-926 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Judge Harry D. Leinenweber |
| OLYMPIA DODGE of COUNTRYSIDE, INC., d/b/a DODGE CITY of COUNTRYSIDE, INC., an Illinois Corporation, DAVE MILLER BUICK, INC., d/b/a MILLER OLDS, INC., an Illinois Corporation, MILLER CONSOLIDATED, INC., f/k/a JAMES MILLER CHEVROLET, INC., f/k/a YANSON CHEVROLET COMPANY, an Illinois Corporation, MILLER AUTOMOTIVE, INC., f/k/a JAMES MILLER CHEVROLET, f/k/a MILLER CONSOLIDATED, INC., an Illinois Corporation, FIRST AUTOMOTIVE SERVICE CORPORATION, f/k/a FIRST AUTOMOTIVE SERVICES CORPORATION, an Illinois Corporation, DAVE MILLER OLDS, INC., an Illinois Corporation, and any other control group members with OLYMPIA DODGE of COUNTRYSIDE, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Brown |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff, Terrence J. Hancock, William Logan, John Lisner, Steve Vogrin, Thomas Yonker, and Michael I. Richardson as Trustees of the Local No. 731, I.B. of T., Private Scavengers and Garage Attendants Pension Fund ("Plaintiff" or "Fund"), through its attorneys

1

Dowd, Bloch & Bennett, hereby move for entry of a final judgment order against defendants Olympia Dodge of Countryside, Inc., d/b/a Dodge City of Countryside, Inc. ("Olympia Dodge"), Dave Miller Buick, Inc., d/b/a Miller Olds, Inc. ("Miller Buick"), Miller Consolidated, Inc., f/k/a James Miller Chevrolet, Inc., f/k/a Yanson Chevrolet Company ("Miller Consolidated"), and Miller Automotive, Inc., f/k/a James Miller Chevrolet, f/k/a Miller Consolidated, Inc. ("Miller Automotive") (collectively, "Defendants"), jointly and severally, pursuant to ERISA § 502(g)(2), 29 U.S.C., §1132(g)(2). In support of this motion, the Fund states as follows:

1. Plaintiff filed this action against Olympia Dodge and its related control group members, Miller Buick, Miller Consolidated, and Miller Automotive, seeking to collect withdrawal liability, interest, liquidated damages, and attorneys' fees and costs pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, *as amended* by the Multiemployer Pension Plan Amendment Act of 1980 (the "MPPAA"), 29 U.S.C. § 1381 *et seq.*

2. The Fund filed a motion for summary judgment against the Defendants on October 21, 2010.

3. At a status hearing on September 22, 2010, the Court set a deadline of October 28, 2010 for the Defendants to respond to the Fund's motion for summary judgment; at that status hearing, counsel for the Defendants also indicated that the Defendants might decline to respond to the Fund's motion for summary judgment.

4. The Defendants did not respond to Plaintiff's Motion for Summary Judgment by October 28, 2010 and, as of the date of this motion, the Defendants still have not responded.

5. Defendants' counsel has not given Plaintiff's counsel any indication that the Defendants intend to respond to the motion for summary judgment.

6. Withdrawal liability violations are expressly treated as delinquent contribution violations, pursuant to ERISA §4301(b), 29 U.S.C. § 1451(b). As the Fund's action was brought with respect to the non-payment of withdrawal liability, pursuant to ERISA § 502(g), the Fund is entitled to an award of interest, liquidated damages, and attorneys' fees and costs, in addition to the withdrawal liability.

7. Based on settled law and undisputed (and admitted) material facts in this case, the Fund is entitled to summary judgment against the Defendants as a matter of law on its claims, as set forth in the Complaint, for withdrawal liability totaling $207,931.00.

8. Pursuant to ERISA Section 502(g)(2)(B), this Court shall award the Fund interest on the unpaid withdrawal liability amounts. The Fund is entitled to interest on the withdrawal liability amount from the date payment was due, calculated at an annual rate of 3.25%, as set by the PBGC. As of October 21, 2010, $10,271.79 in interest was due on the $207,931.00 withdrawal liability amount, as indicated in the Affidavit of Woldman, which was attached to Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1(a)(3) as Exhibit A.

9. Pursuant to ERISA Section 502(g)(2)(C), this Court shall award the Fund liquidated damages in an amount not in excess of 20% of the withdrawal liability amount. The Fund is entitled to liquidated damages in the amount of $41,586.20, which is 20% of the withdrawal liability amount awarded.

10. Pursuant to ERISA Section 502(g)(2)(D), this Court shall award the Fund reasonable attorneys fees and costs. As indicated by Exhibit A (Affidavit of Jeremy M. Barr),

the Fund has incurred or will reasonably incur attorneys' fees and costs in this matter totaling $13,789.11. "Section 1132(g)(2) of ERISA requires a court to award reasonable attorneys' fees and costs to a fund that must obtain a judgment in order to collect delinquent contributions to a multiemployer fund, which is exactly what the Fund had to do in the district court." *Central Sts., S.E. S.W. Areas Pen. Fund v. Wintz Props.*, 155 F.3d 868, 876 (7th Cir. 1998).

11. Plaintiff respectfully submits that where the Fund is awarded withdrawal liability by the Court, the additional amounts for interest, liquidated damages, and attorneys' fees and costs are mandatory and the Court has no discretion over the imposition of such damages. *Central Sts., S.E. S.W. Areas Pen. Fund v. Slotky*, 956 F.2d 1369, 1372 (7th Cir. 1992); *Central Sts., S.E. S.W. Areas Pen. Fund v. Carstensen Freight Lines, Inc.*, 1999 U.S. Dist. LEXIS 7202 (N.D. Ill., May 6, 1999).

WHEREFORE, for the foregoing reasons and accompanying papers, Plaintiff respectfully requests that this Court enter judgment in its favor against defendants Olympia Dodge of Countryside, Inc., d/b/a Dodge City of Countryside, Inc., Dave Miller Buick, Inc., d/b/a Miller Olds, Inc., Miller Consolidated, Inc., f/k/a James Miller Chevrolet, Inc., f/k/a Yanson Chevrolet Company, and Miller Automotive, Inc., f/k/a James Miller Chevrolet, f/k/a Miller Consolidated, Inc., jointly and severally, for withdrawal liability in the amount of $207,931.00, interest in the amount of $10,271.79 (calculated through October 21, 2010), liquidated damages in the amount of $41,586.20, and attorneys' fees and costs in the amount of $13,789.11, for a total judgment amount of $273,578.10.

                                                                  Respectfully submitted,

                                                                  /s/ Jeremy M. Barr
                                                                  Jeremy M. Barr
                                                                 One of Plaintiff's Attorneys

J. Peter Dowd
Michele M. Reynolds
Kara R. Eisen
Jeremy M. Barr
Dowd, Bloch & Bennett
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361